UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| IQRA AFZAL and MUZAMMAL ASLAM,<br><br>           Plaintiffs,<br><br>    v.<br><br>MICHAEL POMPEO, Secretary of State of the United States; CARL RISCH, Assistant Secretary for Consular Affairs; EDWARD J. RAMOTOWSKI, Administrative Deputy Assistant Secretary for Visa Services; ANTJE WEYGANDT, Acting Director, National Visa Center; PAUL W. JONES, Ambassador, United States Embassy, Islamabad, Pakistan; JOHN HOOVER, Deputy Chief of Mission, United States Embassy, Pakistan; KEVIN McALEENAN, Acting Secretary, United States Citizenship and Immigration Services; KENNETH CUCCINELLI, Acting Director, United States Citizenship and Immigration Services; CHRISTOPHER WRAY, Director, Federal Bureau Of Investigations;<br><br>           Defendants. | No. 2:19-cv-01856 WBS AC<br><br><br>ORDER |

1

----oo0oo----

Plaintiffs Iqra Afzal and her husband, Muzammal Aslam, filed a petition for writ of mandamus before this court to compel various government officials to adjudicate Mr. Aslam's I-130 immigrant visa application. (Compl. (Docket No. 1).) Defendants adjudicated the application and issued the visa while the petition was pending. (Mot. for Attorney's Fees ("Mot.") at 4 (Docket No. 15).) Plaintiffs now move for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Id.)

Ms. Afzal is a United States citizen. (Compl., Ex. A.) She married Mr. Aslam, a citizen of Pakistan, on July 5, 2017. (Id.) Shortly thereafter, Ms. Afzal filed a Form I-130 visa application for her husband to join her in the United States. (Compl. at 2.) United States Citizenship and Immigration Services approved the petition and forwarded it to the National Visa Center, where it was then sent to the United States Embassy in Pakistan. (Id.) Despite completing his visa interview, Mr. Aslam's visa was delayed due to "administrative processing." (Compl. at 3.) Plaintiffs filed a writ of mandamus seeking to compel adjudication of the application. (Id.) The parties then stipulated to two extensions of time for the defendants to answer the complaint. (Docket Nos. 7, 10.) However, after defendants voluntarily adjudicated the application, the parties stipulated to dismiss the matter on January 27, 2020. (Docket No. 13.) This motion for attorney's fees and costs followed.

EAJA was designed to reduce the disparity in resources between individuals and the government "by entitling certain

2

prevailing parties to recover an award of attorney fees, expert witness fees and other expenses against the United States unless the government action was substantially justified." H.R. Rep. No. 1418, 96th Cong., 2d Sess. 6, reprinted in, 1980 U.S. Code Cong. & Admin. News 4984, 4984. Under the statute, plaintiffs are entitled to attorney's fees and costs if: (1) they are the prevailing party; (2) the government fails to show that its position was substantially justified; (3) the government fails to show special circumstances make an award unjust; and (4) the requested fees and costs are reasonable. Carbonell v. I.N.S., 429 F.3d 894, 898 (9th Cir. 2005) (internal citations omitted).

The parties dispute whether plaintiffs are a "prevailing party." (Compare Mot. at 7 with Opp. at 2 (Docket No. 16).) In order to be a prevailing party, plaintiffs must (1) achieve a "'material alteration of the legal relationship of the parties'" and (2) the "alteration must be 'judicially sanctioned'." Carbonell, 429 F.3d at 898 (quoting Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res., 532 U.S. 598, 604-05 (2001)). A "material alteration" requires achieving "actual relief, not merely a determination of legal merit." Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt., 589 F.3d 1027, 1030 (9th Cir. 2009). The relief "must be relief that the would-be prevailing party sought." Id. Furthermore, it must be obtained through "judicial imprimatur." Id. at 1031. "[A] plaintiff is not a prevailing party if it only achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." Id. (quoting Buckhannon, 532 U.S. at 601) (internal modifications omitted).

1 Judicial imprimatur empowers "one party to require the other
2 party to do something it otherwise would not be required to do."
3 Id. (internal citations and modifications omitted).

4   Plaintiffs argue they are a prevailing party because
5 Mr. Aslam's application was adjudicated after this court gave
6 defendants a deadline to file an answer to plaintiffs' complaint.
7 (Mot. at 9.)  Defendants argue granting the parties' stipulation
8 to extend time did not set a deadline or amount to a material
9 alteration in the legal status between the parties.  (Opp. at 3.)
10 The court agrees with defendants.

11   Here, the court did not order the agency to adjudicate
12 the visa application by a particular date, or at all.  Defendants
13 voluntarily adjudicated Mr. Aslam's visa application without the
14 court's intervention.  Indeed, the court did not even consider
15 the complaint's merits -- it simply agreed to allow the
16 defendants' additional time to respond to the complaint.  While
17 the adjudication of the application is the relief the plaintiffs
18 sought, the court is not responsible for the "voluntary change in
19 the defendant's conduct."  See Klamath, 589 F.3d at 1030 (9th
20 Cir. 2009) (quoting Buckhannon, 532 U.S. at 601).  Accordingly,
21 because plaintiffs are not a prevailing party in this action
22 their motion for attorney's fees and their bill of costs to
23 recover the $350 filing fee and $50 administrative fee will be
24 denied.[1]

25   IT IS THEREFORE ORDERED that plaintiffs' motion for

---

[1] Because the court finds the plaintiffs are not a prevailing party, the court expresses no opinion as to whether the government's actions were substantially justified.

attorney's fees (Docket No. 15) and accompanying bill of costs (Docket No. 14) be, and the same thereby are, DENIED.

Dated:  April 15, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE